CHARLES B. MARKHAM v. JAMES B. SWAILS, CHAIRMAN, AND HOR-
ACE E. STACY, JR., EMERSON P. DAMERON, ROBERT C.
HOWISON, JR., W. H. McELWEE, GEORGE H. McNEILL, FRAN-
CIS I. PARKER, WALTER R. McGUIRE, ERIC C. MICHAUX, ALL
MEMBERS OF THE BOARD OF LAW EXAMINERS OF THE STATE
OF NORTH CAROLINA, AND THE BOARD OF LAW EXAMINERS
OF THE STATE OF NORTH CAROLINA

No. 7510SC811

(Filed 21 April 1976)

1. **Administrative Law § 5; Rules of Civil Procedure § 52— judicial review
   of administrative decision — necessity for finding of fact**

   When the judge of the superior court sits as an appellate court
   to review the decision of an administrative agency pursuant to G.S.
   143-314 and 315 (now G.S. 150A-50 and 51), the judge is not required
   to make findings of fact and enter a judgment thereon in the same
   sense as a *trial judge* pursuant to G.S. 1A-1, Rule 52(a) and (b).

2. **Administrative Law § 5; Rules of Civil Procedure § 52— judicial review
   of administrative decision — motion to amend findings — no duty to
   entertain motion**

   In a proceeding for judicial review of the administrative decision
   of the Board of Law Examiners denying petitioner's application for
   the issuance of a license to practice law in this State, the superior
   court judge was not required to entertain a motion made pursuant to
   G.S. 1A-1, Rule 52 "to have the court amend its findings, make addi-
   tional findings or amend its Decision and Order."

3. **Appeal and Error § 14— appeal not taken within 10 days — no jurisdic-
   tion in Court of Appeals**

   The Court of Appeals did not obtain jurisdiction to hear petition-
   er's appeal from the trial court's order affirming the decision of the
   Board of Law Examiners, since the order was entered on 20 March
   1975 but petitioner did not give notice of appeal until 24 June 1975.
   G.S. 1-279.

APPEAL by petitioner from *McKinnon, Judge.* Orders en-
tered 20 March and 27 June 1975 in Superior Court, WAKE
County. Heard in the Court of Appeals 10 February 1976.

On 23 August 1972, Charles B. Markham (petitioner)
made application to the Board of Law Examiners of the State
of North Carolina (respondents) for the issuance of a license
to practice law in this State pursuant to Rule VII of the rules
governing admission by comity to the practice of law in North
Carolina. On 7 March 1973, after a hearing, the Board denied
the application. On 2 April 1973, petitioner filed a petition in
the Superior Court for a writ of certiorari for judicial review

---

---

of the administrative decision of the Board denying the application. On 20 March 1975, after reviewing the record of the proceedings before the Board and having considered briefs and oral arguments of counsel, Judge McKinnon entered an order affirming the decision of the Board. On 1 April 1975, petitioner, purportedly pursuant to G.S. 1A-1, Rule 52(b), filed a motion in the Superior Court "to have the court amend its findings, make additional findings or amend its Decision and Order . . . . " This motion was denied by Judge McKinnon at a hearing on 16 June 1975, and an order denying the motion was signed 27 June 1975. On 24 June 1975, petitioner appealed to this court from the March order and the June order.

*Jordan, Morris and Hoke by John R. Jordan, Jr., for petitioner appellant.*

*Young, Moore and Henderson by Charles H. Young and R. Michael Strickland for respondent appellees.*

HEDRICK, Judge.

Petitioner assigns as error the order dated 27 June 1975 denying his "motion to have the court amend its findings, make additional findings or amend its decision and order." G.S. 143-307 and 143-309 (now G.S. 150A-43 and 150A-45, effective 1 February 1976) provide that an aggrieved party may obtain judicial review of a final decision of an administrative board by petitioning for a writ of certiorari to the Superior Court of Wake County.

G.S. 143-314 (now G.S. 150A-50, effective 1 February 1976) provides:

> *Review by court without jury on the record.*—The review of administrative decisions under this Chapter shall be conducted by the court without a jury. The court shall hear oral arguments and receive written briefs, but shall take no evidence not offered at the hearing; except that in cases of alleged irregularities in procedure before the agency, not shown in the record, testimony thereon may be taken by the court; and except that where no record was made of the administrative proceeding or the record is inadequate, the judge in his discretion may hear the matter de novo.

Markham v. Swails

G.S. 143-315 (now G.S. 150A-51, effective 1 February 1976) provides:

> *Scope of review; power of court in disposing of case.*— The court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> (1) In violation of constitutional provisions; or
>
> (2) In excess of the statutory authority or jurisdiction of the agency; or
>
> (3) Made upon unlawful procedure; or
>
> (4) Affected by other error of law; or
>
> (5) Unsupported by competent, material, and substantial evidence in view of the entire record as submitted; or
>
> (6) Arbitrary or capricious.

If the court reverses or modifies the decision of the agency, the judge shall set out in writing, which writing shall become a part of the record, the reasons for such reversal or modification.

G.S. 1A-1, Rule 52(a)(1) provides:

*Rule 52. Findings by the court.*

(a) *Findings.*—

> (1) In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment.

Petitioner's motion to amend the judgment specifies that it was made pursuant to Rule 52(b) which provides:

> (b) *Amendment.*—Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings ·or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59.

---

Markham v. Swails

---

[1, 2]   When the judge of the superior court sits as an appellate court to review the decision of an administrative agency pursuant to G.S. 143-314 and 315, the judge is not required to make findings of fact and enter a judgment thereon in the same sense as a *trial judge* pursuant to Rule 52(a) and (b). Indeed, pursuant to G.S. 143-315, the authority of the judge is limited to affirming, modifying, reversing or remanding the decision of the administrative agency. In our opinion, Rule 52(b) has no application in this proceeding, and Judge McKinnon was not required to entertain a motion made pursuant thereto. However, we treat the order of 27 June 1975 denying the motion as an order of dismissal and affirm it.

[3]   Petitioner assigns as error the order dated 20 March 1975 affirming the decision of the Board of Law Examiners. G.S. 143-316 (now G.S. 150A-52, effective 1 February 1976) in pertinent part provides:

> Any party to the review proceedings, including the agency, may appeal to the appellate division from the final judgment of the superior court under rules of procedure applicable in other civil cases.

G.S. 1-279, applicable to this appeal, provides:

> *When appeal taken.*—The appeal must be taken from a judgment rendered out of session within 10 days after notice thereof, and from a judgment rendered in session within 10 days after its rendition, unless the record shows an appeal taken at the trial, which is sufficient, but execution shall not be suspended until the giving by the appellant of the undertakings hereinafter required; provided, however, that if any motion permitted by G.S. 1A-1, Rule 59, is timely made or an amendment to or alteration of a judgment is effected by the methods prescribed in that same rule, the appeal need not be taken within the time limits stated above, but the appeal must be taken within 10 days from the signing of the order ruling on such motions or amending or altering the original judgment.

The provisions of this statute are jurisdictional. When the requirements of the statute are not complied with, the appellate court obtains no jurisdiction of an appeal and must dismiss it. *Oliver v. Williams*, 266 N.C. 601, 146 S.E. 2d 648 (1966). In the present proceeding, petitioner did not give notice of appeal from the order entered 20 March 1975 until 24 June 1975. There-

fore this court did not obtain jurisdiction to hear the appeal from the order affirming the decision of the Board.

The result is: The appeal from the 20 March 1975 order affirming the decision of the Board is dismissed; the appeal from the 27 June 1975 order denying the motion filed pursuant to Rule 52(b) is affirmed.

Dismissed in part; Affirmed in part.

Judges BRITT and MARTIN concur.