HUGH HAROLD SHEPHERD v. CONSOLIDATED JUDICIAL RETIREMENT SYSTEM

No. 8710SC999

(Filed 5 April 1988)

1. **Administrative Law § 8— superior court order affirming agency decision— findings and conclusions unnecessary**

   The superior court was not required to make findings of fact and conclusions of law in its judgment affirming a final agency decision by the director of the Retirement System Division of the Department of State Treasurer. N.C.G.S. § 150B-51.

2. **Retirement Systems § 5— Judicial Retirement System—restored service credits with State Employees' Retirement System**

   The Department of the State Treasurer did not err in ruling that petitioner was not entitled to have restored service credits with the Teachers' and

State Employees' Retirement System counted in determining his retirement benefit under the Consolidated Judicial Retirement System. N.C.G.S. § 135-58(b).

APPEAL by petitioner from *Bailey, Judge.* Order entered 1 May 1987 in Superior Court, WAKE County. Heard in the Court of Appeals 9 March 1988.

This is an appeal from an order of the superior court affirming the final agency decision of E. T. Barnes, director of the Retirement Systems Division of the Department of the State Treasurer. On 2 July 1986 petitioner filed a request with Director E. T. Barnes for a declaratory ruling "in regards to establishing his rights to unreduced retirement benefits in the Consolidated Judicial Retirement System. . . ." On 15 August 1986, Director E. T. Barnes entered his ruling declaring that "[p]etitioner's request to have the sixteen years and one month of restored service credits with the Teachers' and State Employees' Retirement System counted towards the twenty-four years for an unreduced benefit from the Consolidated Judicial Retirement System is hereby denied." In the declaratory ruling Director E. T. Barnes discussed in detail the several statutes referred to in petitioner's request for a declaratory ruling and pertaining to all of the questions raised in the request. Director Barnes, in his ruling, also applied these statutes, G.S. 135-28.1 and G.S. 135-58, to petitioner's factual situation.

Thereafter, petitioner filed for judicial review in the superior court pursuant to G.S. 150B-43 (formerly G.S. 150A-43). On 1 May 1987 Judge Bailey entered a judgment concluding that the declaratory ruling was not erroneous as a matter of law and should be affirmed. Petitioner appealed.

*David Yates Bingham for petitioner, appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Norma S. Harrell, for respondent, appellee.*

HEDRICK, Chief Judge.

[1] On appeal to this Court petitioner contends the superior court erred by not making findings of fact and conclusions of law in its judgment of 1 May 1987.

G.S. 150B-17 states that a "declaratory ruling is subject to judicial review in the same manner as an order in a contested case." Under G.S. 150A-51 the reviewing court was required to set out written reasons only when reversing or modifying an agency decision. The Administrative Procedure Act, formerly Chapter 150A of the North Carolina General Statutes, was recodified as Chapter 150B effective 1 January 1986. G.S. 150B-51 of the recodified Act does not even require that the reviewing court set out its reasons for reversal or modification.

This Court has held that when a superior court judge sits as an appellate court to review an administrative agency decision the judge is not required to make findings of fact and enter a judgment thereon in the same manner as the court would be when acting in its role as trial court. *Markham v. Swails*, 29 N.C. App. 205, 223 S.E. 2d 920, *disc. rev. denied*, 290 N.C. 309, 225 S.E. 2d 829, *cert. denied*, 290 N.C. 551, 226 S.E. 2d 510, *cert. denied*, 429 U.S. 940, 97 S.Ct. 356, 50 L.Ed. 2d 310 (1976). If the superior court judge does make findings of fact and conclusions of law, these will not be considered in our appellate review. *Area Mental Health Authority v. Speed*, 69 N.C. App. 247, 317 S.E. 2d 22, *disc. rev. denied*, 312 N.C. 81, 321 S.E. 2d 893 (1984).

Judge Bailey's judgment of 1 May 1987 recited that the court had reviewed the record and matters on file and had considered the oral arguments and relevant statutory provisions. Based on these considerations Judge Bailey concluded that the declaratory ruling of Director E. T. Barnes was not erroneous as a matter of law and should be affirmed.

We hold this judgment meets all the requirements of G.S. 150B-51 and is clearly sufficient as a matter of law. *See In re House of Raeford Farms v. Brooks*, 63 N.C. App. 106, 304 S.E. 2d 619 (1983), *disc. rev. denied*, 310 N.C. 153, 311 S.E. 2d 291 (1984). Petitioner's argument is without merit.

[2] Petitioner also contends the trial court "committed reversible error in that it ignored the specific language of N.C.G.S. Sec. 135-58(b) relating to determining creditable service as of the time of Petitioner/Appellant's retirement" and that the trial court "committed reversible error in that the Court failed and refused to find the language of N.C.G.S. Sec. 135-58(b) sufficiently ambigu-

ous as to require the Court to interpret it in light of expressed legislative intent."

We have examined Judge Bailey's judgment and Director Barnes' declaratory ruling in this light and find these contentions to be without merit. Manifestly, Director Barnes and Judge Bailey did not ignore the "specific language of N.C.G.S. Sec. 135-58(b) relating to determining creditable service as of the time of Petitioner/Appellant's retirement" as contended by petitioner. It is clear that Director Barnes considered the statute cited by petitioner and correctly applied it to petitioner's factual situation. We also do not find G.S. 135-58(b) in any way ambiguous to petitioner's situation, and we find no necessity to construe the legislature's intent with respect to this statute. The judgment dated 1 May 1987 affirming the declaratory ruling of the director of the Division of Retirement Services of the Department of State Treasurer is affirmed.

Affirmed.

Judges JOHNSON and ORR concur.