WILLIAM CHARLES PALMER, Petitioner-Appellee v. NORTH CAROLINA
DEPARTMENT OF CRIME CONTROL & PUBLIC SAFETY, Respondent-
Appellant

No. 9010SC50

(Filed 5 February 1991)

**State § 12 (NCI3d)— State Personnel Commission—award of costs
and attorneys fees—increased by trial court**

    The trial court did not err by modifying an award of
costs and attorneys fees by the State Personnel Commission
without findings of fact. The Commission's award of costs and
attorneys fees was reviewable under N.C.G.S. § 126-41, and
it is enough that the record, which contains an itemization
of counsel's various services, supports the determination that
the Commission's award was inadequate.

    **Am Jur 2d, Costs §§ 52, 78, 79, 94.**

    APPEAL by respondent from order entered 21 September 1989
by *Judge James H. Pou Bailey* in WAKE County Superior Court.
Heard in the Court of Appeals 28 August 1990.

    *Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by
C. Ernest Simons, Jr., for petitioner appellee.*

    *Attorney General Lacy H. Thornburg, by Special Deputy At-
torney General Isaac T. Avery, III, for respondent appellant.*

    PHILLIPS, Judge.

    Following proceedings through the proper administrative chan-
nels the State Personnel Commission affirmed the dismissal of peti-
tioner from his employment with the North Carolina State Highway
Patrol, but awarded him back pay for a certain period and costs,
including attorneys fees, in the total amount of $8,037.03. Petitioner
appealed the costs and attorneys fees award to the Superior Court
of Wake County, which increased the allowance to $17,000. Re-
spondent's appeal questions only the increase.

    Respondent contends that the court's modification of the award
is erroneous because no findings of fact were made and the costs
and fees allowed are excessive. Neither contention has merit. Under
the express provisions of G.S. 126-41 the Commission's award of

PALMER v. N.C. DEPT. OF CRIME CONTROL & PUBLIC SAFETY

[101 N.C. App. 572 (1991)]

costs and attorneys fees was reviewable, the court had the authority to reverse or modify the award if found to be inadequate, and appellate tribunals with the authority to modify administrative decisions are not required to make findings of fact. *Shepherd v. Consolidated Judicial Retirement System*, 89 N.C. App. 560, 366 S.E.2d 604 (1988). In this instance the court determined that the Commission's award was inadequate and it is enough that the record, which contains an itemization of counsel's various services, supports that determination.

Affirmed.

Judges JOHNSON and PARKER concur.