TERRY HOPE, Petitioner v. CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, Respondent

No. 9226SC206

(Filed 15 June 1993)

**1. Schools § 13.2 (NCI3d)— teacher dismissal—attorneys for superintendent and board in same firm—no due process violation**

A school teacher was not denied due process in a dismissal hearing before the school board because the superintendent's attorney who presented the case against her was a member of the same firm as the attorney who advised the board at the hearing. The school board is presumed to have acted correctly, and no due process violation will be found absent a showing of actual bias or unfair prejudice.

**Am Jur 2d, Schools §§ 147 et seq.**

**Insubordination as ground for dismissal of public school teacher. 78 ALR3d 83.**

2. **Schools § 13.2 (NCI3d) — teacher dismissal — document used to refresh recollection — notice statute not violated**

Even though a teacher received a copy of a document showing standardized writing test results only moments before her dismissal hearing, there was no violation of the notice requirement of N.C.G.S. § 115C-325(j)(5) where the document was used only to refresh a school principal's recollection of the test results and was never presented into evidence.

**Am Jur 2d, Schools §§ 147 et seq.**

**Insubordination as ground for dismissal of public school teacher. 78 ALR3d 83.**

3. **Schools § 13.2 (NCI3d) — dismissal of teacher for insubordination — sufficiency of evidence**

The evidence supported a school board's dismissal of a seventh grade social studies teacher for insubordination where it tended to show that parents of the teacher's students complained early in the school year about her classroom behavior; the principal told the teacher to cease a doll-making project in her class because it had no educational value; the principal discovered that students were still making dolls in the teacher's class several weeks later; the teacher was eventually placed on conditional status, which required her to work with the principal to develop a professional development plan; the teacher ignored several invitations to meet with the principal and never participated in developing a plan; the principal finally developed a plan without the teacher's input and instructed the teacher to implement it; the teacher told the area superintendent that she did not agree with the principal's evaluation of her performance and saw no need to implement the plan; and although the superintendent told the teacher that failure to implement the plan was insubordination and that by not implementing the plan she was placing her job in jeopardy, the teacher still failed to implement the plan.

**Am Jur 2d, Schools §§ 147 et seq.**

**Insubordination as ground for dismissal of public school teacher. 78 ALR3d 83.**

Appeal by petitioner from judgment entered 31 October 1991 by Judge Marvin K. Gray in Mecklenburg County Superior Court. Heard in the Court of Appeals 1 March 1993.

Petitioner, Terry Hope, was employed by the Charlotte-Mecklenburg School System for eight years. During the 1989-1990 school year she taught language arts and social studies to seventh graders at Northwest Middle School. Problems relating to petitioner's dismissal began early that school year when parents of petitioner's students complained about her classroom behavior.

During December and January, petitioner implemented a doll making project in her social studies class which the principal of Northwest Middle School felt had no educational value and took up too much class time. The principal requested the curriculum specialist for social studies to evaluate the doll making project. The curriculum specialist agreed with the principal that the project had no educational value. Thereafter, the principal told petitioner to cease doll making projects. However, the principal discovered that students still were making dolls in petitioner's class several weeks later.

Eventually petitioner was placed on conditional status. As a result of being placed on conditional status, petitioner was required to work with the principal to develop a professional development plan, but petitioner failed to meet with the principal in spite of several invitations to do so, and never participated in developing the plan. The principal finally developed a plan without petitioner's input and instructed petitioner to implement it. The principal revised the plan once, extending the time to implement it after receiving a letter from petitioner's attorney regarding the plan. However, petitioner never implemented the plan.

Finally, petitioner was recommended for dismissal on the grounds of inadequate performance, insubordination, and neglect of duty. A Professional Review Committee found that all the grounds for dismissal were true and substantiated. Petitioner was later provided a hearing before the Charlotte-Mecklenburg Board of Education (the Board). The Board concluded that petitioner should be dismissed for inadequate performance, insubordination, and neglect of duty. Petitioner appealed to Mecklenburg County Superior Court seeking reversal of the Board's decision and reinstatement on the grounds that (1) she was denied due process of law, (2) she was prejudiced by the introduction of an inadmissible document, (3)

the Board's decision was arbitrary and capricious, and (4) the Board's decision was not supported by substantial evidence. The superior court decided against petitioner on all grounds and entered judgment accordingly. From this judgment petitioner appeals.

> *Murphy & Chapman, P.A., by Calvin E. Murphy, for petitioner appellant.*

> *Weinstein & Sturges, P.A., by Judith A. Starrett, for respondent appellee.*

ARNOLD, Chief Judge.

[1] Petitioner contends that she was denied due process in the hearing before the Board. This claim is based on the roles played by attorneys for the Board and for the superintendent. The superintendent presented the case against petitioner to the Board, and the Board was the final decision maker on whether or not to dismiss petitioner. The lawyer representing the superintendent and the lawyer advising the Board worked in the same law firm. Petitioner argues that her right to due process was violated because the lawyer who presented the case against her was a member of the same law firm as the lawyer who advised the Board at the dismissal hearing.

Due process is a fluid concept, and what constitutes due process required at a school board hearing is different from due process which is required in a court of law. *Crump v. Board of Educ.*, 326 N.C. 603, 615, 392 S.E.2d 579, 585 (1990). Boards of education are vested with control and supervision of all matters pertaining to public schools in their district, a responsibility greatly different from that of a court. *Baxter v. Poe*, 42 N.C. App. 404, 409, 257 S.E.2d 71, 74, *disc. review denied*, 298 N.C. 293, 259 S.E.2d 298 (1979). Carrying out the Board's responsibilities requires a wider latitude in procedure than in a court of law. Therefore, although the Board was required to provide petitioner with all the essential elements of due process, it was permitted to operate under a more relaxed set of rules than is a court of law. *Id.* One of the essential elements of due process is a fair hearing by a fair tribunal. In order to provide a fair hearing, due process demands an impartial decision maker. *Crump v. Board of Educ.*, 93 N.C. App. 168, 178-79, 378 S.E.2d 32, 38 (1989), *modified and aff'd*, 326 N.C. 603, 392 S.E.2d 579 (1990).

## HOPE v. CHARLOTTE-MECKLENBURG BD. OF EDUCATION

[110 N.C. App. 599 (1993)]

Petitioner's argument that the conflicting roles played by the attorneys deprived her of an impartial decision maker and violated principles of fundamental fairness does not hold up. The Board is the decision maker, not its attorney, who acts only in an advisory capacity.

Furthermore, "because of their multi-faceted roles as administrators, investigators and adjudicators, school boards are vested with a presumption that their actions are correct, and the burden is on a contestant to prove [bias or unfair prejudice]." *Crump*, 326 N.C. at 617, 392 S.E.2d at 586. The record contains no evidence of bias or unfair prejudice. Petitioner contends the roles played by the attorneys, standing alone, constitute a violation of due process. To decide that these facts alone are sufficient to establish bias or unfair prejudice would amount to a per se rule of unconstitutionality, completely disregarding the presumption that the Board acted correctly and the presumption of honesty and integrity in those serving as adjudicators. *Taborn v. Hammonds*, 83 N.C. App. 461, 472, 350 S.E.2d 880, 887 (1986). There is no such rule and we decline to adopt such a rule.

Petitioner argues that a per se rule is necessary because it is difficult or impossible to prove that the attorneys communicated with each other about the case, or that the Board's attorney reviewed the firm's files pertaining to this case. This argument also fails. The possibility that the Board obtained information from their attorney about the case does not establish a due process violation. "Members of a school board are expected to be knowledgeable about school-related activities in their district." *Crump*, 326 N.C. at 616, 392 S.E.2d at 586. Such knowledge is an inevitable aspect of their multi-faceted roles as administrators, investigators and adjudicators. *Id.* "[M]ere familiarity with the facts of a case gained by an agency in the performance of its statutory duties does not disqualify it as a decisionmaker." *Baxter*, 42 N.C. App. at 411, 257 S.E.2d at 75 (quoting *Thompson v. Wake County Bd. of Educ.*, 31 N.C. App. 401, 412, 230 S.E.2d 164, 170 (1976), *rev'd on other grounds*, 292 N.C. 406, 233 S.E.2d 538 (1977)). The chance that the Board acquired knowledge of the facts of this case from its attorney, who happens to work with the superintendent's attorney, does not taint that knowledge.

Moreover, the United States Supreme Court has held that there is no per se violation of due process when an administrative

tribunal acts as both investigator and adjudicator on the same matter. *Withrow v. Larkin*, 421 U.S. 35, 43 L. Ed. 2d 712 (1975). *See also Holley v. Seminole County School District*, 755 F.2d 1492 (11th Cir. 1985) (not a violation of due process for school board's attorney to act as hearing examiner and aid in preparing the case against teacher). In addition, another federal court has held that "the combination of an advisory function with a hearing partici-pant's prosecutorial or testimonial function does not create a *per se* facially unacceptable risk of bias." *Lamb v. Panhandle Communi-ty Unit School District No. 2*, 826 F.2d 526, 529 (7th Cir. 1987).

We reiterate that the Board is presumed to have acted correct-ly. Absent a showing of actual bias or unfair prejudice petitioner cannot prevail on this argument. There is no such evidence, so this argument is rejected.

[2] In her second argument, petitioner argues that the superin-tendent's use of a document containing a summary of standardized test results was a violation of N.C. Gen. Stat. § 115C-325(j)(5). N.C. Gen. Stat. § 115C-325(j)(5) (1991 & Cum. Supp. 1992) provides:

At least five days before the hearing, the superintendent shall provide to the teacher a list of witnesses the superintendent intends to present, a brief statement of the nature of the testimony of each witness and a copy of any documentary evidence he intends to present. . . . Additional witnesses or documentary evidence may not be presented except upon con-sent of both parties or upon a majority vote of the board or panel.

During the superintendent's presentation of evidence, the prin-cipal testified about the results of a standardized writing test, and she was shown documentary evidence which contained the results of that test. The document was prepared by the area writing specialist and was presented to area principals at a principals' meeting. It contained the percentage of all students who passed at Northwest Middle School and each class's percentage of passing students.

This document was never presented into evidence, but peti-tioner argues that because the principal read from the document at the hearing, and because petitioner did not receive a copy of the document until moments before the hearing, its use was a violation of the notice requirement of N.C. Gen. Stat. § 115C-325(j)(5).

Examination of the transcript reveals that the document was used to refresh the principal's recollection of the test results. The principal misstated the percentage of students at Northwest Middle School who passed the test, and the superintendent's attorney showed her the document so that she could correct her answer. Because the document was used only to refresh the principal's recollection and was never presented into evidence, there was no violation of G.S. § 115-325(j)(5).

[3] Finally, petitioner argues that the Board's findings and conclusions concerning the reasons for her dismissal are not supported by competent and substantial evidence. When reviewing a school board's findings and conclusions, the reviewing court uses the whole record test. The whole record test does not allow the reviewing court to replace the board's judgment as between two conflicting views. Instead, the whole record test requires the reviewing court, "in determining the substantiality of evidence supporting the [b]oard's decision, to take into account whatever in the record fairly detracts from the weight of the [b]oard's evidence." *Thompson v. Wake County Bd. of Educ.*, 292 N.C. 406, 410, 233 S.E.2d 538, 541 (1977).

The Board concluded that petitioner should be dismissed for (1) inadequate performance, (2) insubordination, and (3) neglect of duty. Petitioner produced evidence that she received good evaluations prior to the 1989-1990 school year. She contends that the problems between her and the principal began in December 1989, when the principal exhibited disapproval of the doll making project. Petitioner argues that her poor evaluations flowed from a disagreement over the validity of this teaching technique. However, the record indicates that petitioner's problems began when parents complained about petitioner's behavior towards her students near the beginning of the school year.

Regardless of how and when the conflict between petitioner and the administration began, the record reveals that petitioner was insubordinate on several occasions. Competent evidence supports the finding that petitioner continued the doll making project after the principal directed her to stop. In addition, when petitioner was placed on conditional status, she was required to develop a professional development plan with the principal. Petitioner did not meet with the principal to discuss the plan in spite of the principal's instructions to do so. When the principal drafted a professional growth plan without petitioner's input, petitioner refused

to implement the plan. Before the dismissal, the area superintendent questioned petitioner about her refusal to implement the plan. Petitioner admitted that she did not implement the plan and that she did not intend to implement the plan. Petitioner told the area superintendent that she did not agree with the principal's evaluation of her performance, and therefore saw no need to implement the plan. The area superintendent told petitioner that failure to implement the plan was insubordination and that by not implementing the plan she was placing her job in jeopardy. However, petitioner still did not implement the plan.

We understand petitioner's inference that her dismissal resulted from the principal's dislike of the doll making project, and some evidence in the record supports her argument. However, after carefully examining the entire record, we find that competent and substantial evidence exists to support the Board's findings and conclusion that petitioner should be dismissed for insubordination. Because we find substantial evidence to support petitioner's dismissal on the grounds of insubordination, we need not address the remaining grounds for dismissal. "A finding that the evidence of any of the grounds listed under G.S. § [115C-325(e)(1)] was substantial justifies dismissal where, as here, the teacher was notified that dismissal was based on that ground." *Baxter*, 42 N.C. App. at 416, 257 S.E.2d at 78.

The decision of the superior court is affirmed.

Affirmed.

Judges GREENE and McCRODDEN concur.