STEVEN LeGRAND AVANT, Petitioner-Appellant v. SANDHILLS CENTER FOR
MENTAL HEALTH, DEVELOPMENTAL DISABILITIES & SUBSTANCE ABUSE
SERVICES, Respondent-Appellee

No. COA98-295

(Filed 16 March 1999)

**1. Administrative Law— agency decision—standard of review**

When a superior court reviews an agency decision pursuant
to the Administrative Procedure Act (APA), the court essentially
functions as an appellate court; as such, the duty of the superior
court is not to make findings of fact but to apply the appropriate
standard of review to the findings and conclusions of the under-
lying tribunal.

**2. Administrative Law— local appointing authority em-
ployee—contested case under APA**

Although local appointing authorities are not "agencies"
under the APA, their employees are subject to the provisions of
the State Personnel Act and may commence a contested case
hearing under the APA, N.C.G.S. Ch. 150B.

**3. Administrative Law— agency decision—standard of review**

When a petitioner alleges that an agency decision was either
unsupported by the evidence or arbitrary and capricious, the
superior court applies the "whole record test" to determine
whether the agency decision was supported by substantial evi-
dence contained in the entire record; when petitioner alleges that
the agency decision was based on error of law, the reviewing
court must examine the record de novo as though the issue had
not yet been considered by the agency.

**4. Public Officers and Employees— warning and suspension—
supporting evidence**

Substantial evidence in the record as a whole supported a
decision by the local appointing authority upholding a written
warning to and suspension of an employee who assisted in the

care of emotionally and/or physically disabled residents of a group facility based upon his failure to use the proper modified therapeutic hold consistent with his training in placing a difficult resident in a shower and his failure to ask for assistance in handling the resident as he had been instructed.

**5. Public Officers and Employees—local appointing authority—employee grievance—opportunity to be heard**

A local appointing authority's employee was not denied an opportunity to be heard prior to adverse action being taken against him where the record shows that he had ample opportunity to dispute the accusations against him and to present to the authority his argument as to why a written warning should not remain in his file.

**6. Administrative Law; Public Officers and Employees— employee grievance—communications between employer's counsel and appeals committee—due process**

Petitioner's due process right to an impartial hearing was not violated by communications between respondent's counsel and respondent's appeals committee during the initial appeal process where such communications occurred only during the investigatory process and hearing prior to petitioner's filing a contested case under the APA.

Appeal by petitioner from order entered 21 January 1998 by Judge Russell G. Walker, Jr., in Richmond County Superior Court. Heard in the Court of Appeals 28 October 1998.

*Kitchin, Neal, Webb & Futrell, P.A., by Stephan R. Futrell, for petitioner-appellant.*

*Cunningham, Dedmond, Petersen & Smith, by Bruce T. Cunningham, Jr., for respondent-appellee.*

MARTIN, Judge.

A detailed factual and procedural history of this case is set forth in *Avant v. Sandhills Center for Mental Health*, (COA96-1081, unpublished opinion filed 5 August 1997) 127 N.C. App. 208, 490 S.E.2d 253 (1997). Briefly summarized, petitioner was employed by respondent as an "habilitation assistant" at respondent's Mallard Lane Center in Rockingham, North Carolina; his duties included assisting in the care of five emotionally and/or physically disabled residents of Mallard

Lane. On 10 April 1994 an incident occurred wherein petitioner was physically assisting a difficult resident, "Client L", to the shower. "Client L" was violent and petitioner allegedly used an improper hold on her. A fellow employee who witnessed the incident reported it to petitioner's supervisor, resulting in a written warning being issued by respondent's director and petitioner's suspension from work without pay for a period of time.

Petitioner appealed the warning to respondent's appeals committee, arguing that he had never been informed of the special hold that was to be applied to "Client L." The appeals committee affirmed the actions of respondent's director, and petitioner filed a notice for a contested case hearing with the Office of Administrative Hearings. An administrative law judge ("ALJ") made extensive findings of fact, concluded that petitioner's written warning was unsubstantiated, and recommended that the decision to issue the suspension be reversed and that petitioner be awarded back pay. The State Personnel Commission ("SPC") issued its advisory Recommendation for Decision to respondent that petitioner's suspension be reversed, that he be awarded back wages, and that the warning be expunged from his records.

Respondent's Board of Directors, the local appointing authority, rejected the recommended decision and issued a final decision affirming the issuance of the warning to petitioner and his suspension. Petitioner petitioned for judicial review pursuant to G.S. § 150B-43. The superior court concluded respondent had no just cause to suspend petitioner. Both petitioner and respondent appealed the superior court's decision to this Court, which determined that the superior court had not conducted a proper review as required by G.S. § 150B-51. See Avant, supra.

On remand, the superior court determined respondent's decision was neither arbitrary nor capricious, had been reached upon lawful procedures, had not been affected by errors of law, and was supported by substantial evidence in view of the whole record. The superior court affirmed respondent's decision and petitioner again appeals, arguing in support of twenty-six assignments of error that (1) the superior court judgment did not conform to the requirements of law; (2) the decision of the appeals committee was not supported by substantial evidence in the record; (3) the decision of the appeals committee was arbitrary and capricious; and (4) due to unlawful procedure, petitioner was denied a fair and impartial hearing. After a

careful consideration of his arguments, we affirm the judgment of the superior court.

**[1]** Petitioner first argues the judgment of the superior court should be vacated because it does not comply with G.S. § 1A-1, Rule 52(a)(1). The rule requires that, in actions tried without a jury, the trial court make findings as to all issues of fact raised by the pleadings, declare its conclusions of law arising upon the facts found, and enter the appropriate judgment. *Hinson v. Jefferson*, 287 N.C. 422, 215 S.E.2d 102 (1975). However, when a superior court reviews an agency decision pursuant to the Administrative Procedure Act ("APA"), the court essentially functions as an appellate court. *Armstrong v. North Carolina State Bd. of Dental Examiners*, 129 N.C. App. 153, 499 S.E.2d 462, *disc. review denied*, 348 N.C. 692, 511 S.E.2d 643 (1998); *Gainey v. North Carolina Dept. of Justice*, 121 N.C. App. 253, 465 S.E.2d 36 (1996). As such, the duty of the superior court, and our duty as well, is not to make findings of fact, but rather to apply the appropriate standard of review to the findings and conclusions of the underlying tribunal. *See Shepherd v. Consolidated Judicial Retirement System*, 89 N.C. App. 560, 562, 366 S.E.2d 604, 605 (1988) ("when a superior court judge sits as an appellate court to review an administrative agency decision the judge is not required to make findings of fact and enter a judgment thereon in the same manner as the court would be when acting in its role as the trial court."). The order entered in this case is procedurally sufficient and is consistent with the trial court's role as a reviewing court. *See id.* at 562, 366 S.E.2d at 606 (holding sufficient an order reciting that court had reviewed the record, arguments, and relevant statutes, and concluding that declaratory ruling of agency should be affirmed). Thus, we consider the trial court's substantive review of respondent's decision.

**[2],[3]** We first note that although local appointing authorities such as respondent are not "agencies" under the APA, their employees are subject to the provisions of the State Personnel Act and may commence a contested case hearing under the APA, Chapter 150B of the General Statutes. *Cunningham v. Catawba County*, 128 N.C. App. 70, 72, 493 S.E.2d 82, 84 (1997). This Court has held the principles of the APA to be "highly pertinent" to superior court review of a local appointing authority decision. *Id.* In reviewing a superior court order regarding an agency decision, our scope of review consists of the two-fold task of "(1) determining whether the trial court exercised the appropriate scope of review and, if appropriate, (2) deciding whether the court did so properly." *Act-Up Triangle v. Com'n for*

*Health Serv.*, 345 N.C. 699, 706, 483 S.E.2d 388, 392 (1997) (quoting *Amanini v. N.C. Dep't of Human Resources*, 114 N.C. App. 668, 675, 443 S.E.2d 114, 118-19 (1994)). The proper standard for the superior court to apply depends upon the issues presented on appeal. *Id.* Where the petitioner alleges that the agency decision was either unsupported by the evidence, or arbitrary and capricious, the superior court applies the "whole record test" to determine whether the agency decision was supported by substantial evidence contained in the entire record. *Oates v. North Carolina Dept. of Correction*, 114 N.C. App. 597, 601, 442 S.E.2d 542, 545 (1994). Where the petitioner alleges that the agency decision was based on error of law, the reviewing court must examine the record *de novo*, as though the issue had not yet been considered by the agency. *Dorsey v. University of North Carolina-Wilmington*, 122 N.C. App. 58, 468 S.E.2d 557, *cert. denied*, 344 N.C. 629, 477 S.E.2d 37 (1996); *Air-A-Plane Corp. v. North Carolina Dept. of Environment, Health and Natural Resources*, 118 N.C. App. 118, 454 S.E.2d 297, *disc. review denied*, 340 N.C. 358, 458 S.E.2d 184 (1995).

Petitioner originally sought judicial review of respondent's final decision on the grounds that it contained errors of law, and that it was arbitrary, capricious, and unsupported by the evidence. Upon remand, the superior court recited that it had conducted a *de novo* review of the record and had concluded that respondent's decision had been made upon lawful procedure and was unaffected by error of law. In addition, the superior court determined that respondent's decision was supported by substantial admissible evidence in the whole record and was not arbitrary or capricious. We conclude, therefore, that the superior court applied the proper standards of review, and we must now determine whether it applied these standards correctly.

[4] Petitioner contends respondent's decision was unsupported by substantial evidence, and that the decision was arbitrary and capricious. These contentions require that we apply "the whole record test", i.e., an examination of "all competent evidence (the 'whole record') in order to determine whether the agency decision is supported by 'substantial evidence'." *Act-Up Triangle* at 706, 483 S.E.2d at 392 (quoting *Amanini* at 674, 443 S.E.2d at 118). Substantial evidence is such "relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Lackey v. N.C. Dept. of Human Resources*, 306 N.C. 231, 238, 293 S.E.2d 171, 176 (1982). The whole record test is not "a tool of judicial intrusion; instead, it merely gives

a reviewing court the capability to determine whether an administrative decision has a rational basis in the evidence." *North Carolina Dept. of Correction v. Gibson*, 58 N.C. App. 241, 257, 293 S.E.2d 664, 674 (1982), *rev'd on other grounds*, 308 N.C. 131, 301 S.E.2d 78 (1983). Moreover, while the record may contain evidence contrary to the findings of the agency, neither this Court nor the superior court may substitute its judgment for that of the agency. *Employment Security Com'n of North Carolina v. Peace*, 128 N.C. App. 1, 493 S.E.2d 466 (1997), *affirmed in part, review dismissed in part*, 349 N.C. 315, 507 S.E.2d 272 (1998); *Rector v. North Carolina Sheriffs' Educ. & Training Standards Com'n*, 103 N.C. App. 527, 406 S.E.2d 613 (1991).

Applying the "whole record" standard of review, we hold there is sufficient relevant evidence in the record to support respondent's decision to uphold the written warning issued petitioner. The bases upon which the written warning was issued were (1) petitioner's failure to use the proper modified hold on "Client L", and (2) petitioner's failure to ask for assistance in handling "Client L" on 10 April 1994. Respondent made relevant findings of fact that petitioner attempted to pick up "Client L" by placing his arms under hers; that approximately three or four times "Client L" fell to the floor as petitioner attempted to pick her up; that petitioner finally picked up "Client L" and carried her to the bathroom; that the way in which petitioner handled "Client L" was inconsistent with the modified hold which petitioner had been instructed to use in such situations; that petitioner failed to ask for assistance; and that such a one-person carry of "Client L" was unauthorized.

Our review of the whole record reveals ample competent evidence, including petitioner's own affidavit, to support the findings that petitioner did indeed attempt to pick up "Client L" by placing his arms under hers, and that she fell to the floor a number of times before petitioner finally "picked up Client L and carried her to the bathroom." Moreover, it is uncontested that petitioner failed to ask a co-worker present at the time of the incident for assistance, even though the training manual with which petitioner had been trained did not authorize such a one-person carry. The record also reflects that the manner in which petitioner handled "Client L" was inconsistent with the modified therapeutic hold to be applied to "Client L". While the record contains conflicting evidence as to whether petitioner had actually been instructed on the modified therapeutic hold at the time of the incident, neither this Court nor the superior court is authorized to substitute its judgment for that of the agency.

*Employment Sec. Com'n of North Carolina v. Peace, supra; see also, North Carolina Dept. of Correction v. Gibson* at 257, 293 S.E.2d at 674 ("Even where there is conflicting and contradictory evidence and inferences, 'it is for the administrative body, in an adjudicatory proceeding, to determine the weight and sufficiency of the evidence and the credibility of the witnesses, to draw inferences from the facts, and appraise conflicting and circumstantial evidence.' ") (citations omitted). We therefore hold that there exists substantial evidence in the record to support the finding that petitioner did not employ a proper hold on "Client L" consistent with the manner in which petitioner had been trained and, therefore, respondent's decision to uphold the warning was supported by substantial evidence. Moreover, in light of the foregoing findings, respondent's decision cannot be said to be either arbitrary or capricious. *See Jarrett v. North Carolina Dept. of Cultural Resources*, 101 N.C. App. 475, 479, 400 S.E.2d 66, 68-9 (1991) ("Administrative agency decisions may be reversed as arbitrary or capricious if they are 'patently in bad faith' or 'whimsical' in the sense that 'they indicate a lack of fair and careful consideration' or fail to indicate 'any course of reasoning and the exercise of judgment'. . .") (citations omitted); *Armstrong* at 163, 499 S.E.2d at 470.

Petitioner next asserts that respondent violated his right to a fair and impartial hearing. Specifically, petitioner contends he was not provided an opportunity to be heard prior to adverse action being taken against him, and that certain communications between counsel for respondent and respondent's appeals committee guaranteed an outcome adverse to him, thereby denying his right to an impartial decision maker. Where it is alleged that an agency decision is made upon unlawful procedure or a constitutional violation, *de novo* review is required. *Air-A-Plane Corp.* at 124, 454 S.E.2d at 301. The *de novo* standard requires that we consider the question anew. *Fearrington v. University of North Carolina at Chapel Hill*, 126 N.C. App. 774, 487 S.E.2d 169 (1997).

**[5]** We first note a lack of merit in petitioner's assertion that he was denied an opportunity to be heard prior to adverse action being taken against him. Petitioner has had ample opportunity to dispute the accusations against him and to present to respondent his argument as to whether the written warning should remain in petitioner's file.

**[6]** Petitioner also argues that certain communications between respondent's counsel and respondent's appeals committee during the

initial appeals process guaranteed a decision adverse to petitioner, thereby violating his constitutional right to an impartial hearing. The record reflects that respondent's original attorney met with members of respondent's appeals committee on various occasions during which she discussed with committee members the merits of petitioner's appeal. We first note that such communications between respondent's counsel and its appeals committee do not violate the APA, as the record reflects that such communications occurred during the investigatory process and hearing prior to petitioner's filing a contested case with the Office of Administrative Hearings. *See* N.C. Gen. Stat. § 150B-35 (prohibiting *ex parte* communication between a member or employee of the agency making a final decision in a *contested case* and any party or his representative); N.C. Gen. Stat. § 150B-23 ("A contested case shall be commenced by filing a petition with the Office of Administrative Hearings . . ."). Any alleged violations of G.S. § 150B-35 occurring after petitioner's grievance became a contested case are unsubstantiated by the record.

Moreover, petitioner must do more than merely allege that a conflicting role played by an attorney deprived him of due process. The United States Supreme Court has held "that there is no *per se* violation of due process when an administrative tribunal acts as both investigator and adjudicator on the same matter." *Hope v. Charlotte-Mecklenburg Bd. of Educ.*, 110 N.C. App. 599, 603-4, 430 S.E.2d 472, 474-75 (1993) (citing *Withrow v. Larkin*, 421 U.S. 35, 43 L.Ed.2d 712 (1975)). We held in *Hope* that a petitioner's mere allegations that the role of the attorneys in the investigatory process denied him due process were insufficient to overcome the presumption that the Board acted correctly, and that "[a]bsent a showing of actual bias or unfair prejudice petitioner cannot prevail . . . ." *Id.* at 604, 430 S.E.2d at 475. *See also, Crump v. Board of Education*, 326 N.C. 603, 618, 392 S.E.2d 579, 586-87 (1990) (*quoting Liepart v. N.C. School of the Arts*, 80 N.C. App. 339, 354, 342 S.E.2d 914, 924 (1986)) (To make out due process claim based on theory of impartial decision-maker, petitioner "must show that the decision-making board or individual possesses a disqualifying personal bias."). Here, petitioner has brought forth only mere allegations that respondent's board acted with bias in affirming petitioner's warning, and the record contains insufficient evidence to overcome the assumption that respondent acted correctly throughout the appeals process. Petitioner received a fair and impartial hearing.

The order of the superior court affirming the decision of respondent board is affirmed.

C.C. & J. ENTER., INC. v. CITY OF ASHEVILLE

[132 N.C. App. 550 (1999)]

Affirmed.

Judges HUNTER and SMITH concur.