GLORIA REMONA COOPER, PETITIONER v. BOARD OF EDUCATION FOR NASH-ROCKY MOUNT SCHOOLS, AND NASH-ROCKY MOUNT SCHOOLS, RESPONDENTS

No. COA98-1446

(Filed 5 October 1999)

**1. Schools and Education— non-teacher—right to judicial review of school board decision**

A non-teacher is entitled to judicial review of a school board's decision if that decision affects her character.

**2. Schools and Education— school board decision—effect on petitioner's character**

Being dismissed from a job for making a racial comment, which the Board characterized as being "totally unacceptable for an employee in a school setting," affected petitioner's character within the meaning of N.C.G.S. § 115C-45(c).

**3. Schools and Education— school board decision—judicial review**

Petitioner received judicial review of a school board decision where, after hearing arguments of counsel, reviewing the full record, and considering memoranda of law presented by the parties, the trial court granted the motion for summary judgment.

**4. Schools and Education— school board—procedure**

The procedure followed by defendant in terminating plaintiff was adequate where plaintiff contended that she was not on notice that the Board would consider earlier conduct, but the Board was permitted to consider any facet of petitioner's employment history and, at worst, this evidence was irrelevant and harmless; and, although the Board did not follow the precise pro-

cedure set out in N.C.G.S. § 115C-45 in that petitioner did not request review of the school personnel decision to suspend her and recommend termination, the Board granted petitioner's request that it review its own decision. Such a review, although not provided for by the statute, more than compensated for any procedural flaws in the Board's actions.

5. **Schools and Education— school board—at-will employee terminated for racial comment—not arbitrary or capricious**

It was not arbitrary or capricious, nor an abuse of discretion, for the Board to terminate an at-will employee for making a racial comment in a school setting where the statement was made while petitioner was driving a bus and the passengers became so inflamed and unruly that petitioner was compelled to return to the school immediately for assistance in controlling the students.

Appeal by petitioner from judgment entered 29 June 1998 by Judge George L. Wainwright, Jr., in Nash County Superior Court. Heard in the Court of Appeals 19 August 1999.

*Robinson Law Office, by Charles Everett Robinson, for petitioner-appellant.*

*Valentine, Adams & Lamar, L.L.P., by L. Wardlaw Lamar, for respondent-appellee Board of Education for Nash-Rocky Mount Schools.*

EDMUNDS, Judge.

Petitioner, an African-American at-will employee of the Nash-Rocky Mount Schools, worked as a school bus driver and teacher's assistant. After school on 25 March 1997, petitioner told an African-American male student misbehaving on her school bus to "act your age and not your color." Several students on the bus reacted so strongly that petitioner felt compelled to return to school immediately.

School administrators suspended petitioner with pay on 27 March 1997 and notified her of their recommendation that the Nash-Rocky Mount Board of Education (the Board) terminate her employment at its 7 April 1997 meeting. Petitioner did not attend the meeting because the school system superintendent discouraged her from doing so, advising her that the meeting would be open to the public.

The Board voted at that meeting to terminate petitioner's employment. On 16 June 1997, petitioner asked the Board to grant her a hearing to review its decision. The Board agreed, and a three-member panel of the Board held this administrative hearing on the evenings of 30 July and 4 August 1997. After hearing petitioner's evidence, the panel voted to uphold the termination.

Petitioner filed a petition for judicial review on 8 September 1997. Respondent filed a Rule 12(b) motion to dismiss based on lack of subject matter and personal jurisdiction, insufficiency of process, and failure to state a claim upon which relief can be granted. The court denied all motions except the motion to dismiss for failure to state a claim, which it deemed premature until a transcript of the Board's administrative hearing could be made a part of the record. When the court conducted its review on 22 June 1998, it treated respondent's motion to dismiss as a motion for summary judgment. After reviewing the record and each party's memorandum of law, the trial court granted respondent's motion for summary judgment and dismissed petitioner's action with prejudice. Petitioner appeals.

I.

[1] We must decide as an initial matter whether N.C. Gen. Stat. § 115C-45 (1997) gives a non-teacher the right to judicial review of a school board's decision when that decision affects the non-teacher's character. The statute reads in pertinent part:

> An appeal shall lie from the decision of all school personnel to the appropriate local board of education. . . .
>
> . . . .
>
> An appeal shall lie from the decision of a local board of education to the superior court of the State in any action of a local board of education affecting one's character or right to teach.

N.C. Gen. Stat. § 115C-45(c). This statute replaced N.C. Gen. Stat. § 115-34 (repealed 1981). We have noted previously that these statutes are not "materially different." *See Williams v. New Hanover County Bd. of Education*, 104 N.C. App. 425, 429, 409 S.E.2d 753, 756 (1991). The only difference between these statutes is that in section 115C-45(c), the word "local" replaced the words "county or city." Although there are no reported cases discussing the grant or denial of judicial review to non-teachers under section 115C-45(c), our

Supreme Court has held that non-teachers are entitled to judicial review under section 115-34 of school board decisions that affect character. *See Presnell v. Pell,* 298 N.C. 715, 260 S.E.2d 611 (1979) (holding that cafeteria worker's failure to invoke remedies provided under section 115-34 was failure to exhaust administrative procedures prior to filing tort claim). In light of the plain language of section 115C-45(c) and the case law interpreting the predecessor statute to section 115C-45, we hold that a non-teacher is entitled to judicial review of a school board's decision if that decision affects her character.

II.

**[2]** We next address the issue of whether the Board's decision affected petitioner's character within the meaning of section 115C-45(c). Respondent argues that "[n]owhere in her petition for a Superior Court review does the petitioner state as a basis for such a review that . . . her character has been affected." We disagree. In her petition for review to the trial court, petitioner set forth her objection to the admission into evidence of opinion testimony about whether petitioner's racially charged statement "adversely impacted on Petitioner's character . . . ." "[P]leadings must be liberally construed in the light most favorable to the nonmoving part[y]." *Whitaker v. Clark,* 109 N.C. App. 379, 381, 427 S.E.2d 142, 143 (1993) (citation omitted). Consequently, we hold that petitioner did raise in the court below the issue of whether the Board's decision affected her character.

Because the issue was properly raised, we must determine whether the decision affected petitioner's character. Although there is no case directly on point, we are guided by *Presnell,* 298 N.C. 715, 260 S.E.2d 611. In *Presnell,* the plaintiff was the manager of an elementary school cafeteria. The school principal's allegations that plaintiff brought alcohol into the school for painters working there led to her termination. The Supreme Court, holding that the opportunities for review allowed by section 115-34 met constitutional due process requirements, assumed that an allegation of alcohol-related misconduct on the grounds of an elementary school did affect the plaintiff's character. *See id.* Similarly, we are persuaded that being dismissed from a job for making a racial comment, which the Board's counsel characterized as being "totally unacceptable for an employee in a school setting," affected petitioner's character within the meaning of section 115C-45. Therefore, petitioner was entitled to judicial review.

### III.

[3] Petitioner contends that she did not receive the judicial review provided by section 115C-45. Petitioner sought judicial review after her termination was upheld by the three-member panel of the Board. When respondent filed a motion to dismiss pursuant to Rule 12(b)(6), the superior court deferred ruling on the motion until a transcript of the administrative proceeding was made part of the record. Once the transcript became available, the trial court treated the Rule 12(b)(6) motion as a Rule 56 motion for summary judgment. After hearing arguments of counsel, reviewing the full record, and considering memoranda of law presented by the parties, the trial court granted the motion for summary judgment. Therefore, petitioner received judicial review of the Board's decision as set forth in section 115C-45.

[4] In the alternative, petitioner argues that even if she did receive judicial review, summary judgment should not have been granted because the procedure followed by the Board was inadequate. A trial court may grant a motion for summary judgment where there is no genuine issue of material fact and where the movant is entitled to judgment as a matter of law. *See Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E.2d 823 (1971). While there is a presumption that the judge found facts from proper evidence sufficient to support the judgment, *see J.M. Thompson Co. v. Doral Manufacturing Co.*, 72 N.C. App. 419, 324 S.E.2d 909 (1985), we review the record in the light most favorable to the nonmovant, *see Caldwell v. Deese*, 288 N.C. 375, 218 S.E.2d 379 (1975).

Petitioner made two procedural arguments in her petition for judicial review to the superior court. First, she contended that she received insufficient notice of the reasons for her termination. However, the record demonstrates that school administrators initially informed petitioner that she was being suspended with pay for the comments she made on her school bus. When the three-member panel convened to review the Board's decision, it heard additional evidence of petitioner's problems as a cafeteria worker some years before. Petitioner objected to the introduction of this evidence because she was not on notice that the Board would consider earlier conduct. Although the school board may operate under a more relaxed standard than a court of law, all essential elements of due process must still be satisfied. *See Hope v. Charlotte-Mecklenburg Bd. of Education*, 110 N.C. App. 599, 430 S.E.2d 472 (1993). Petitioner was an at-will employee who could be terminated by the Board for any reason or for an arbitrary reason. *See Sides v. Duke Hospital*, 74

N.C. App. 331, 328 S.E.2d 818 (1985), *disapproved of on other grounds by Kurtzman v. Applied Analytical Industries, Inc.*, 347 N.C. 329, 493 S.E.2d 420 (1997). The Board was permitted to consider any facet of the petitioner's employment history, as long as doing so was not unlawful or contrary to public policy. *See Coman v. Thomas Manufacturing Co.*, 325 N.C. 172, 381 S.E.2d 445 (1989). At worst, evidence pertaining to petitioner's prior employment was irrelevant to the uncontested evidence of petitioner's more serious act while driving the school bus. Any error by the Board in considering this evidence was harmless.

Second, petitioner contended in her petition that she was entitled to appear before the Board when it considered her termination. We disagree. The procedure followed in this case was not the precise procedure set out in section 115C-45. Pursuant to that section, a decision by school personnel is appealable to the appropriate school board, and an adverse decision by that board affecting character or right to teach is appealable further to superior court. Here, school personnel suspended petitioner and recommended her termination. Under section 115C-45, petitioner could have requested that the Board review this decision. However, she did not make such a request, and on recommendation of the superintendent, did not attend the first Board meeting where she was terminated. However, she did request and obtain a review by the Board of its own decision. Such a review, although not provided for by the statute, more than compensated for any procedural flaws in the Board's actions. Petitioner's substantial rights were not prejudiced by any procedural irregularities below.

[5] The only substantive argument petitioner raised in her petition for review was that the Board's decision was arbitrary and capricious, an abuse of discretion, and unsupported by substantial evidence admissible under N.C. Gen. Stat. § 150B-29(a) (1995). The statement was made while petitioner was driving a school bus. The passengers became so inflamed and unruly that petitioner was compelled to return to the school immediately for assistance in controlling the students. We hold that it was not arbitrary or capricious, nor an abuse of discretion, for the Board to terminate an at-will employee for making a racial comment in a school setting.

On appeal, the issue is whether the Board's decision is supported by substantial evidence. Acting as an appellate court, the superior court makes that determination based on a review of the whole record. *See Overton v. Board of Education*, 304 N.C. 312, 283 S.E.2d

495 (1981). Here, the court did review the entire record before granting respondent's summary judgment motion. We have also reviewed the whole record and hold that there was sufficient evidence to support the Board's decision; the trial court correctly determined there were no disputed material issues as a matter of law and properly granted summary judgment.

As a final matter, respondent filed with this Court a motion to dismiss petitioner's appeal. That motion is denied.

Affirmed.

Judges WYNN and JOHN concur.