STATE OF NORTH CAROLINA v. DARRELL YATES FIELDS

No. 8424SC1335

(Filed 15 October 1985)

**Automobiles and Other Vehicles § 121— driving while impaired—sitting behind steering wheel of motionless car with motor running—evidence sufficient**

> The court did not err by denying defendant's motion to dismiss the charge of driving while impaired where the State's evidence was that defendant was found upon a street in Blowing Rock behind the wheel of a motionless car with the engine running, and defendant's evidence was that he had started the car in order to operate the heater and had no intention of driving. One "drives" within the meaning of G.S. 20-138.1 if he is in actual physical control of a vehicle which is in motion or which has the engine running; defendant's purpose for taking actual physical control of the car and starting the engine is irrelevant. G.S. 20-4.01(7).

APPEAL by defendant from *Lamm, Judge.* Judgment entered 12 September 1984 in Superior Court, WATAUGA County. Heard in the Court of Appeals 16 September 1985.

*Attorney General Lacy H. Thornburg by Assistant Attorney General W. Dale Talbert for the State.*

*Appellate Defender Adam Stein by Assistant Appellate Defender Geoffrey C. Mangum for defendant appellant.*

COZORT, Judge.

On 12 September 1984 defendant was convicted of driving while impaired in violation of G.S. 20-138.1. On appeal defendant assigns as error the trial court's "failing to dismiss the charge of driving while impaired when the State offered no evidence the motor vehicle had been in motion or that defendant cranked the motor for purposes of driving the car." The sole issue presented by this assignment of error is whether the defendant was "driving" a vehicle within the meaning of G.S. 20-138.1 when he sat behind the steering wheel in the driver's seat of the car and started the car's engine in order to make the heater operable, but the car remained motionless on the street. We find no error.

The State's evidence tended to show the following: On 10 February 1984 at 1:14 a.m. then Blowing Rock Police Department Patrolman Jack Cooper saw a car sitting in the right-hand lane

just across the center line of West Green Hill Drive in Blowing Rock. Patrolman Cooper pulled his patrol car in front of the stopped car, got out of his car and approached the other car. Patrolman Cooper found the defendant sitting behind the wheel of the motionless car with the engine running. Patrolman Cooper observed the owner of the vehicle, Mr. Honeycutt, on the passenger side of the vehicle. Defendant's eyes were glassy, his face was flushed, and he had a moderate odor of alcohol on his breath. Patrolman Cooper administered certain sobriety performance tests to the defendant, arrested the defendant and transported him to Watauga County Jail to have a breathalyzer test administered. At trial the defendant stipulated to admission of the affidavit and revocation report of the breathalyzer operator which showed that "a breathalyzer was performed at 3:05 a.m. on the 10th of February on the Defendant, and that his alcohol concentration was a point fourteen." Patrolman Cooper never saw the car move while the defendant was sitting behind the wheel.

At trial defendant did not dispute the State's evidence. Rather, defendant and Mr. Honeycutt testified: that Mr. Honeycutt drove the car on the night in question; that defendant never drove the car; that the reason they had stopped on the street was to get out and use the bathroom; and that defendant got back into the car behind the wheel and cranked the car up to turn the heat on because he was cold. Defendant further testified that he never put the car in gear and that the car never moved while he was behind the wheel.

Defendant contends that the trial court should have dismissed the driving while impaired charge because the State never proved he "drove" the car within the meaning of G.S. 20-138.1. G.S. 20-138.1(a) provides in pertinent part:

(a) Offense.—A person commits the offense of impaired driving if he *drives* any vehicle upon any highway, any street, or any public vehicular area within this State:

(1) While under the influence of an impairing substance; or

(2) After having consumed sufficient alcohol that he has, at any relevant time after the *driving*, an alcohol concentration of 0.10 or more. [Emphasis added.]

Defendant's position is that under G.S. 20-138.1(a) "drives" requires that the car be in motion or at least that a "defendant had the engine running for the purpose of moving the car." Defendant's position is not the law.

In *State v. Coker*, 312 N.C. 432, 436, 323 S.E. 2d 343, 347 (1984), our Supreme Court noted that while "Chapter 20 of the General Statutes contains no definition of 'drive' or 'operate,' 'driver' and 'operator' are defined." While the Supreme Court recognized that in the past distinctions have been made between "driving" and "operating," it did not believe such a distinction currently exists. 312 N.C. at 436, 323 S.E. 2d at 347. The Supreme Court explained its reasoning in the following way:

> In N.C.G.S. 20-4.01(7), "driver" is defined as "the operator of a vehicle." "Operator" is defined as "a person in actual physical control of a vehicle which is in motion or which has the engine running." N.C. Gen. Stat. 20-4.01(25).
>
> We recognize that distinctions may have been made between driving and operating in prior case law and prior statutes regulating motor vehicles. *See e.g. State v. Carter*, 15 N.C. App. 391, 190 S.E. 2d 241 (1972) (interpreting "driving" under a former statute to require motion); Act of March 5, 1935, Chapter 52, Sec. 1, 19 Public Laws 34, (formerly codified at N.C. Gen. Stat. 20-6 (1935)) (repealed 1973) (defining "operator" as a person who is in the driver's seat while the engine is running or who steers while the vehicle is being towed or pushed by another vehicle).
>
> We do not believe, however, that such a distinction [between "driving" and "operating"] is supportable under N.C.G.S. 20-138.1. Since "driver" is defined simply as an "operator" of a vehicle, we are satisfied that the legislature intended the two words to be synonymous.

*Id.* Accordingly, we hold that one "drives" within the meaning of G.S. 20-138.1 if he is in actual physical control of a vehicle which is in motion or which has the engine running. In this case the State's evidence showed that the defendant sat behind the wheel of the car in the driver's seat and started the engine. This evidence was sufficient to show that the defendant was in actual physical control of a vehicle which had the engine running. Thus,

the State's evidence was sufficient to show that the defendant "drove" a vehicle within the meaning of G.S. 20-138.1. Defendant's purpose for taking actual physical control of the car and starting the engine is irrelevant.

We take judicial notice of the fact that during the 1985 Session of the General Assembly, G.S. 20-4.01 was amended to provide that "[t]he terms 'driver' and 'operator' and their cognates are synonymous." 1985 N.C. Sess. Laws Ch. 509.

No error.

Chief Judge HEDRICK and Judge ARNOLD concur.