BLUE RIDGE COMPANY, L.L.C., Petitioner v. THE TOWN OF PINEVILLE, North Carolina, Respondent

No. COA07-206

(Filed 5 February 2008)

## 1. Zoning— trial court review—standards—de novo for legality—whole record for findings

The trial court in a zoning matter used the proper standard of review by applying de novo review to the legality of the general requirements of the ordinance and the whole record test to challenged findings made by a town council.

## 2. Zoning— subdivision application—impact on local schools

Respondent town's decision to deny petitioner's subdivision application was not supported by competent, material, and substantial evidence on the question of impact on local schools. The neighborhood school policy relied upon by the town was nowhere set out as an adequate standard for petitioner to follow, and, assuming such a policy, the evidence was that the local elementary school was already over capacity, so that concern about neighborhood schools would exist regardless of the subdivision. Finally, although respondent found that petitioner did not present evidence of impact on schools, the ordinance did not require a school impact study.

BLUE RIDGE CO., L.L.C. v. TOWN OF PINEVILLE

[188 N.C. App. 466 (2008)]

**3. Zoning— subdivision—impact on traffic**

A finding by the town council in a zoning dispute that the proposed subdivision does not encourage a safer flow of traffic is not supported in the record. Testimony from a consultant indicated that the expected increase in traffic would not impact the safety of the road, while residents who testified to an adverse effect on the community seemed more concerned about noise and did not have a mathematical or factual basis for rebutting the consultant's testimony.

**4. Zoning— subdivision ordinance—advantageous development—single family homes**

The subdivision ordinance criteria of "advantageous development" to the surrounding area is vague, but the proposed subdivision here would be an advantageous development for the entire neighboring area because it provided for the development of single family homes, one goal of respondent's Land Use Plan.

**5. Zoning— subdivision plan—smaller lot size—improved open space**

The smaller lot sizes and improved open space of a proposed subdivision comported with the existing plan for subdivisions in the Land Use Plan. Respondent town's decision to deny the application on the basis of incompatibility with the existing neighborhood and nonconformity with existing plans and polices is not supported by competent evidence.

**6. Zoning— remand—clarification of subjective criteria**

The trial court did not err in remanding a zoning matter for a new hearing where the remand was for clarification of subjective criteria in the town ordinance.

Appeal by respondent and by petitioner from an order entered 15 December 2006 by Judge Richard D. Boner in Mecklenburg County Superior Court. Heard in the Court of Appeals 19 September 2007.

*Kennedy Covington Lobdell & Hickman, L.L.P., by Roy H. Michaux, Jr. and John H. Carmichael, for petitioner-appellant/appellee.*

*Poyner & Spruill, L.L.P., by Robin Tatum Currin and Andrew J. Petesch, for respondent-appellant/appellee.*

CALABRIA, Judge.

The Town of Pineville ("respondent") appeals from an order reversing respondent's denial of a subdivision application from Blue Ridge Company, L.L.C. ("petitioner"). Petitioner appeals the trial court's order to remand for a new hearing. We affirm.

## I. Facts

Petitioner owns 52.43 acres of undeveloped land in Mecklenburg County, in the Town of Pineville, North Carolina ("the property"). The property is adjacent to Lakeview Drive, the main street in a residential neighborhood of about fifty homes ("Lakeview Neighborhood") and the only means of access to the property. The property is zoned R-12. Petitioner applied to the Pineville Planning Board ("Planning Board") for approval of a 102 lot residential subdivision ("Netherby Subdivision").

Petitioner began the application process in August 2005 by submitting a sketch plan to the Planning Board which was approved on 22 September 2005. A preliminary plan was submitted in December 2005. Petitioner revised the preliminary plan twice in response to comments from respondent's staff. On 25 May 2006, the Planning Board unanimously denied the application.

Petitioner appealed the Planning Board's decision to the Town Council. The Town Council held a hearing, found that petitioner did not meet the requirements of the Town of Pineville Subdivision Ordinance section 6.150 ("section 6.150"), and denied the application. The Town Council based their denial on traffic and overcrowding of schools and noted that petitioner failed to show that additional students would not adversely affect the stability, environment, health and character of the neighboring area. Petitioner otherwise complied with the technical and safety requirements for subdivision plans.

Petitioner appealed to Mecklenburg County Superior Court for a writ of certiorari, pursuant to N.C. Gen. Stat. § 160A-381 (N.C. Gen. Stat. § 160A-381(a),(c) (2007) authorizes towns to adopt zoning ordinances and allows appeals to superior court in accordance with § 160A-388). Petitioner argued that denial of its subdivision plan was arbitrary, capricious and unreasonable.

On 15 December 2006, Mecklenburg County Superior Court Judge Richard Boner found that petitioner complied with the objective technical and engineering standards set forth by respondent and denial of the petition was based on subjective requirements which did

not provide petitioner with sufficient notice of what respondent expected. The trial court reversed the Town Council's denial of petitioner's application and remanded for a new hearing with respondent. In addition, the court ordered respondent to provide petitioner with any plans in existence at the time the application was filed for public facilities required for the subdivision and specific criteria regarding the environmental, health, and character of neighboring areas considered by the Town Council in determining whether the proposed subdivision complies with section 6.150.

Respondent appeals the trial court's order on the basis that respondent's decision to deny the subdivision was supported by competent, material and substantial evidence; the ordinance requirements are lawful and were lawfully applied; and respondent is under no obligation to instruct subdivision applicants before a hearing as to what and how they should present their application. Petitioner appeals on the basis that the subdivision plan should be approved without remanding for a new hearing.

## II. Standard of Review

[1] Appellate courts exercise review (1) to determine whether the trial court exercised the appropriate scope of review, and (2) if appropriate, deciding whether the court did so properly. *Tate Terrace Realty Investors, Inc. v. Currituck County*, 127 N.C. App. 212, 219, 488 S.E.2d 845, 849 (1997) (citation omitted); *Sun Suites Holdings, LLC v. Board of Aldermen of Town of Garner*, 139 N.C. App. 269, 273, 533 S.E.2d 525, 528 (2000). The superior court judge sits as an appellate court on review pursuant to writ of certiorari of an administrative decision. *Batch v. Town of Chapel Hill*, 326 N.C. 1, 11, 387 S.E.2d 655, 662 (1990); *Sun Suites Holdings*, 139 N.C. App. at 271, 533 S.E.2d at 527. If petitioner appeals the Town's decision on the basis of an error of law, the trial court applies *de novo* review; if the petitioner alleges the decision was arbitrary and capricious, or challenges the sufficiency of the evidence, the trial court applies the whole record test. *Guilford Fin. Servs., LLC v. City of Brevard*, 150 N.C. App. 1, 11, 563 S.E.2d 27, 34 (2002) (Tyson, J., concurring and dissenting), *rev'd and dissent adopted by*, 356 N.C. 655, 656, 576 S.E.2d 325, 326 (2003); *Sun Suites Holdings*, 139 N.C. App. at 272, 533 S.E.2d at 527-28. If the trial court applies the whole record test, then the Town's findings of fact are binding on appeal if supported by substantial, competent evidence presented at the hearing. *Tate Terrace Realty*, 127 N.C. App. at 218, 488 S.E.2d at 849. The superior court may apply both standards of review if required, but the standards should be

applied separately to discrete issues. *Sun Suites Holdings*, 139 N.C. App. at 273-74, 533 S.E.2d at 528.

Petitioner challenges the Town Council's decision as vague, arbitrary and capricious, unsupported by the record and claims the ordinance is void as a matter of law. The superior court determined that petitioner presented substantial evidence to support a finding that petitioner met the technical requirements for a subdivision plan, and the plan should have been approved. The superior court concluded that denial of the application was not supported by law because the subjective requirements did not give petitioner notice of the Town Council's expectations for compliance.

The trial court applied the whole record test to the challenged findings and *de novo* review of the Town Council's ordinance. The trial court reviewed the evidence to determine petitioner met the technical requirements of the ordinance and reviewed *de novo* the legality of the general requirements. Therefore, we conclude the trial court conducted the proper scope of review. *Sun Suites Holdings*, 139 N.C. App. at 273-74, 533 S.E.2d at 528.

### III. Denial of Subdivision Application

[2] First, we examine whether the trial court erred in reversing the Town Council's decision. Respondent argues its decision to deny petitioner's subdivision application was supported by competent, material and substantial evidence and should have been affirmed. We disagree.

"In reviewing a superior court order entered upon review of a zoning decision by a municipality, the appellate court must determine . . . whether the evidence before the Town Council supported the Council's action." *William Brewster Co. v. Town of Huntersville*, 161 N.C. App. 132, 134, 588 S.E.2d 16, 19 (2003) (internal quotation and citation omitted).

The Town Council denied petitioner's subdivision application on the basis it did not comply with general requirements outlined in the Town of Pineville, Subdivision Ordinance 6.150. The pertinent portions of section 6.150 are as follows:

Subdivision Ordinance

· 6.150. General Requirements

1. Consistency with adopted public plan and policies. All subdivisions of land approved under these regulations should be con-

sistent with the most recently adopted public plans and policies for the area in which it is located. This includes general policy regarding development objectives for the area as well as specific policy or plans for public facilities such as streets, parks and open space, schools, and other similar facilities. Plans and policies for the community are on file in the offices of the Secretary to the Pineville Planning Board and in the offices of the Charlotte-Mecklenburg Planning Commission.

2. Conformity. All proposed subdivisions should be planned so as to facilitate the most advantageous development of the entire neighboring area. In areas with existing development, new subdivisions should be planned so as to protect and enhance the stability, environment, health and character of the neighboring area . . . .

Specifically, the Town Council found that the access route utilizing Lakeview Drive would add 1000 trips per day, increasing current traffic on that road by thirty percent, that homeowners and their children use the streets and sidewalks for bike riding and other recreational activities, that the Lakeview Neighborhood would triple in size from the construction of the Netherby Subdivision, that petitioner did not submit evidence as to the impact of the Netherby Subdivision on neighborhood schools, and that the "Netherby Subdivision does not protect the Lakeview Neighborhood from non-compatible encroachment."

When a subdivision ordinance requires several criteria for approval of a plan, failure to meet one requirement is a sufficient basis to deny approval. *Howard v. City of Kinston*, 148 N.C. App. 238, 245-46, 558 S.E.2d 221, 227 (2002) ("If even one of the reasons articulated by the [Town] for denial of the subdivision permit is supported by valid enabling legislation and competent evidence on the record, the [Town's] decision must be affirmed.") (citation omitted). In order to determine whether petitioner failed to meet any of the requirements, it is necessary to examine each one.

## A. School Impact

Petitioner contends the Town Council's denial of the application based on the impact on local schools was not supported by substantial and competent evidence. We agree.

The ordinance expressly requires that subdivision plans conform with specific policy or plans for schools. Section 6.150(1) provides:

"All subdivisions of land approved under these regulations should be consistent with the most recently adopted public plans and policies for the area in which it is located. This includes general policy regarding development objectives for the area as well as specific policy or plans for public facilities such as . . . schools . . . ."

The Town Council found that "[i]t is the policy of the Town of Pineville to have its children attend neighborhood elementary schools." This policy is not described in the General Requirements ordinance, nor is it outlined in the Future Land Use Plan.[1] The only indication in the record of such a policy is in the form of a letter from a member of the School Building Solutions Committee dated 1 August 2006, and his testimony before the Town Council that same day, noting that Charlotte-Mecklenburg Schools "wants Pineville's students to have neighborhood schools. . . . That's what this town wants, that's what the parents want . . . ." At the hearing, the Town Council received information that Pineville Elementary was currently over capacity and that

> [t]he staff feels that with the addition of a hundred and two lots—there is an equation that developers use to determine how many students will be in addition to existing neighborhoods. Currently, staff does not have that information of what it would be, but we just wanted to present that information to let you know there are other concerns . . . .

Notwithstanding whether this letter sufficiently described the "most recently adopted public plans and policies for the area," this letter was not available to petitioner until the day of the hearing. The timeliness of the letter did not provide an adequate guiding standard for petitioner to follow. *See* N.C. Gen. Stat. § 160A-371 (2007).

Assuming *arguendo* such a policy was on file, since Pineville Elementary was considered over capacity at the time of the application, concern about children attending neighborhood schools would exist regardless of petitioner's proposed subdivision. *Woodhouse v. Board of Commissioners*, 299 N.C. 211, 219-20, 261 S.E.2d 882, 888 (1980) (Town's denial of application based on finding that fire fighting facilities would be outstripped is invalid since that problem would exist regardless of the proposed development).

Respondent also found that petitioner did not present evidence of the proposed subdivision's impact on schools. While that finding is

---

1. The Town's Future Land Use Plan ("Land Use Plan") specifies goals and objectives for "future land use development patterns in the Town."

supported by the record, the subdivision ordinance did not expressly require a school impact study. The Town Council is without authority to "deny a permit on grounds not expressly stated in the ordinance." *Woodhouse*, 299 N.C. at 218, 261 S.E.2d at 887 (citation omitted). We conclude respondent's finding that petitioner's application did not conform with section 6.150 on the basis of school impact is not supported by substantial and competent evidence.

## B. Traffic Concerns

**[3]** Respondent found that "the design of the Netherby Subdivision does not encourage a safer nor easier flow of traffic." One goal and objective of the Land Use Plan is for subdivisions to be "designed in such a way to encourage a safer, easier flow of traffic." However, the finding that the subdivision does not encourage a safer flow of traffic is not supported in the record. Testimony presented to the Town Council indicates the thirty percent increase in traffic on Lakeview Drive would not impact the safety of the road. Don Spence, a consultant with Kublins Transportation Group, was retained by members of the Planning Board, Kevin Icard and Mike Rose, to examine the traffic conditions surrounding the area, and to measure the potential impact of traffic on the Lakeview Neighborhood. Spence testified that subdivisions consisting of a hundred lots "can produce approximately one thousand trips." Spence concluded that the "existing light traffic conditions combined with trip generation anticipated by the construction of Netherby at Regency Park will not exceed minimum traffic capacity standards." Spence testified that based on traffic volume, the additional trips would not create any "undue safety problems." Although the thirty percent increase was described as "significant," that standing alone is not sufficient to find that the Netherby Subdivision does not protect and enhance the stability, environment, health and character of the neighboring area.

The Town Council heard testimony from residents of Lakeview Neighborhood, stating that noise from the new subdivision would disturb the peace of the current neighborhood and cars must slow down to pass each other on the road, so the increase in traffic would not be safe. The residents did not rebut Spence's testimony with mathematical studies or any other factual basis to establish that the increase in traffic would adversely affect the community. *See Cumulus Broadcasting, LLC v. Hoke Cty. Bd. of Comm'rs*, 180 N.C. App. 424, 430, 638 S.E.2d 12, 17 (2006) (witness testimony in opposition to the granting of a permit relying solely upon their personal knowledge and observations is not enough to rebut quantitative data); *compare*

*Howard,* 148 N.C. App. at 246-47, 558 S.E.2d at 227-28 (witness testimony that current traffic conditions result in near accidents involving children based on personal knowledge and observation supported a finding that an increase in traffic endangered health and safety of the neighborhood where expert testimony quantitatively confirmed witness' concerns); *see also Sun Suites Holdings,* 139 N.C. App. at 276, 533 S.E.2d at 530 (internal quotation marks omitted) (citation omitted) ("[T]he expression of generalized fears does not constitute a competent basis for denial of a permit.").

Here, a Lakeview resident testified there is currently "no concern of safety of traffic"; therefore, any conclusion that an increase in traffic would cause safety concerns is speculative and generalized in light of Spence's report showing that the increase in traffic would not create any safety problems. In addition, the residents' concerns seemed to be more about potential noise than about safety. Denial of a permit "may not be founded upon conclusions which are speculative, sentimental, personal, vague or merely an excuse to prohibit the use requested." *Woodhouse,* 299 N.C. at 220, 261 S.E.2d at 888 (citation and quotation omitted).

**[4]** Respondent contends the increase in traffic affects conformity with the existing development. Section 6.150(2) provides: "All proposed subdivisions should be planned so as to facilitate the most advantageous development of the entire neighboring area. In areas with existing development, new subdivisions shall be planned so as to protect and enhance the stability, environment, health and character of the neighboring area . . . ."

"The general rule is that a zoning ordinance, being in derogation of common law property rights, should be construed in favor of the free use of property." *Guilford Fin. Servs.,* 150 N.C. App. at 15, 563 S.E.2d at 36 (citation omitted). N.C. Gen. Stat. § 160A-371 provides that "[w]henever [a subdivision] ordinance includes criteria for decision that require application of judgment, those criteria must provide adequate guiding standards for the entity charged with plat approval."

The criteria characterized as the "most advantageous development" is vague. One goal and objective of respondent's Land Use Plan is to encourage development of single family homes in the Town of Pineville, "[t]he low percentage of single family homes . . . limits the growth potential of the Town." Petitioner's subdivision plan provides for single family homes; therefore, it would appear the Netherby Subdivision would be an advantageous development.

### C. Conformity and Consistency

[5] Respondent contends the Netherby Subdivision does not comport with the existing plan and policies for subdivisions outlined in the Land Use Plan. We disagree.

The Land Use Plan identifies five goals in improving residential development in Pineville:

1. To encourage and support a well-planned, diverse housing environment offering a mix of housing densities and styles.

2. To develop key strategies for encouraging larger sized single-family detached housing. Identify areas appropriate for this type development.

3. To strengthen existing neighborhoods through quality infill development where appropriate, and to identify improvements to infrastructure to enhance the neighborhood setting.

4. To protect existing neighborhoods from non-compatible encroachment.

5. To encourage new and innovative ideas that will provide quality housing while still working with the constraints of land. Smaller lot sizes with improved open space are examples that utilize moderate densities.

The minimum size of a lot in the Netherby Subdivision is 12,000 square feet. One of the goals of the Land Use Plan is to encourage smaller lot sizes and this is a lower size requirement than the existing lots in the Lakeview Neighborhood. The Netherby Subdivision also allows connections to a proposed greenway and recreation areas. The smaller lot sizes, along with improved open space, is consistent with the goals of the Land Use Plan. In addition, the difference in lot sizes would appear to comport with the goal for a "diverse housing environment" with a mix of "housing densities and styles." The size of the proposed homes would be between 2400 and 3000 square feet, which comports with the Land Use Plan's goal to encourage mid/large size homes greater than 1500 square feet. The Board's decision to deny the application on the basis of incompatibility with the existing neighborhood and non-conformity with existing plans and policies is not supported by competent evidence.

We conclude petitioner complied with the general and technical requirements of the Pineville Ordinance. Thus, the superior court's reversal of respondent's decision was not in error.

IV. Remand

**[6]** Both petitioner and respondent argue the trial court's order to remand for a new hearing was in error. We disagree.

Respondent argues Pineville is under no obligation to provide petitioner with specific criteria to be used to determine whether the subdivision plan met the requirements of its ordinance. Petitioner contends because the technical requirements were met, it is *prima facie* entitled to a subdivision permit without remand.

As a preliminary matter, we note that petitioner, as an appellant, did not state the standard of review in its appellate brief as required by the North Carolina Rules of Appellate Procedure, Rule 28(b)(6) (2007): "The argument shall contain a concise statement of the applicable standard(s) of review for each question presented . . . ." However, we decline to dismiss petitioner's appeal based on this error. *See* N.C.R. App. P. 2 (2007).

The task of the appellate court in reviewing a decision made by a town board sitting as a quasi-judicial body includes:

(1) Reviewing the record for errors in law,

(2) Insuring that procedures specified by law in both statute and ordinance are followed,

(3) Insuring that appropriate due process rights of a petitioner are protected including the right to offer evidence, cross-examine witnesses, and inspect documents,

(4) Insuring that decisions of town boards are supported by competent, material and substantial evidence in the whole record, and

(5) Insuring that decisions are not arbitrary and capricious.

*Concrete Co. v. Board of Commissioners*, 299 N.C. 620, 626, 265 S.E.2d 379, 383 (1980). N.C. Gen. Stat. § 160A-371 requires that "[w]henever [a subdivision] ordinance includes criteria for decision that require application of judgment, those criteria must provide adequate guiding standards for the entity charged with plat approval." Town boards must employ "specific statutory criteria which are relevant." *Woodhouse*, 299 N.C. at 219, 261 S.E.2d at 887. The trial court remanded for clarification of subjective criteria in the town ordinance which is consistent with insuring "procedures specified by law in both statute and ordinance are followed." *Concrete Co.*, 299 N.C. at

626, 265 S.E.2d at 383. This is a reasonable action for a trial court to take and we conclude there was no error.

## V. Conclusion

We conclude respondent's denial of petitioner's subdivision application was not supported by substantial and competent evidence and the trial court did not err in remanding for clarification of respondent's requirements.

Affirmed.

Judges McCULLOUGH and STEPHENS concur.