BERGER, Judge.
On April 27, 2018, a Mecklenburg County jury found Scott Charles Sadler ("Defendant") guilty of driving while impaired. Defendant timely appealed, and argues that the trial court erred when it (1) denied Defendant's motion to dismiss and (2) shifted the responsibility of answering legal questions from the trial court to the jury. We disagree and find no error.
Factual and Procedural Background
On August 15, 2014, Charlotte-Mecklenburg Police Officer Corey Waller ("Officer Waller") responded to a call in which "there was a male passed out in a vehicle that was holding a bottle of alcohol." Upon arrival, Officer Waller observed a damaged gray Lexus that was stationary in the middle of a cul-de-sac. When Officer Waller approached the vehicle, Defendant was alone and sitting in the driver's seat with his window rolled down. Officer Waller testified that Defendant "appeared to be passed out. His body was slumped over and his head was down." Officer Waller also testified that he "smelled a strong odor of alcohol emitting from the area of the driver's side of the vehicle," and noticed that the engine was running. Defendant was also holding a bottle of vodka in his left hand. The bottle of vodka "was at least more than halfway gone."
Officer Waller attempted to get Defendant's attention, but Defendant was unresponsive. Officer Waller then reached into the vehicle, unlocked and opened the door, and placed the vehicle in park because "the vehicle was still in drive and ... [Defendant's] foot was on the brake."
Officer Waller had to "tap[ ] the Defendant physically" to wake him up. Defendant eventually woke up, but was confused and "out of it." Officer Waller asked Defendant how much alcohol he had consumed, to which Defendant responded, "too much." He further admitted that he was an alcoholic and should not have been driving. Defendant claimed that he drove his vehicle through a construction zone, hit a soft spot in the asphalt and ran off the roadway, where he struck multiple construction barrels.
Officer Waller smelled a strong odor of alcohol coming from Defendant's mouth, noticed his "red, glassy eyes," extreme unsteadiness, and slurred speech. When Officer Waller asked Defendant if he would like to perform field sobriety tests, Defendant responded, "No. I mean, I already know." Defendant submitted to a breath test on the Intoximeter, which registered a blood alcohol concentration of 0.30 grams per 210 milliliters of breath. Defendant was then charged with driving while impaired and possessing an open container of alcohol in a vehicle. The State subsequently dismissed the open container charge prior to instructing the jury.
At trial, Defendant made a motion to dismiss at the close of the State's evidence and again at the close of all the evidence. The trial court denied both motions. Defendant was found guilty of driving while impaired and received a suspended sentence. Defendant timely appealed.
Analysis
I. Motion to Dismiss
Defendant argues that the trial court erred when it denied his motion to dismiss because there was insufficient evidence to convict Defendant of impaired driving. We disagree.
"This Court reviews the trial court's denial of a motion to dismiss de novo ." State v. Smith , 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." State v. Fritsch , 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000) (citation and quotation marks omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Smith , 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980).
"When ruling on a motion to dismiss for insufficient evidence, the trial court must consider the evidence in the light most favorable to the State, drawing all reasonable inferences in the State's favor." State v. Miller , 363 N.C. 96, 98, 678 S.E.2d 592, 594 (2009) (citation omitted). "When a motion for dismissal questions the sufficiency of circumstantial evidence, the question for the court is whether a reasonable inference of defendant's guilt may be drawn from the circumstances." State v. Mack , 81 N.C. App. 578, 582, 345 S.E.2d 223, 226 (1986). "Any contradictions or discrepancies arising from the evidence are properly left for the jury to resolve and do not warrant dismissal." State v. King , 343 N.C. 29, 36, 468 S.E.2d 232, 237 (1996) (citation omitted).
"The essential elements of [driving while impaired] are: (1) Defendant was driving a vehicle; (2) upon any highway, any street, or any public vehicular area within this State; (3) while under the influence of an impairing substance." State v. Tedder , 169 N.C. App. 446, 450, 610 S.E.2d 774, 777 (2005) (citations and quotation marks omitted). A defendant 'drives' a vehicle when "he is in actual physical control of a vehicle which is in motion or which has the engine running." State v. Fields , 77 N.C. App. 404, 406, 335 S.E.2d 69, 70 (1985). Actual physical control of a vehicle can be evidenced by showing that the "defendant sat behind the wheel of the car in the driver's seat and started the engine." Id . Thus, "once the car engine is running, the person behind the steering wheel is considered to be driving or operating the car." Brunson v. Tatum , 196 N.C. App. 480, 486, 675 S.E.2d 97, 101 (2009). "The terms operator and driver are synonymous." State v. Clapp , 135 N.C. App. 52, 57, 519 S.E.2d 90, 93 (1999) (citations and quotation marks omitted).
Here, Defendant argues that the State did not introduce sufficient evidence that he operated the vehicle because his vehicle was incapable of being driven. However, when viewed in the light most favorable to the State, the evidence was sufficient for the jury to reasonably infer that Defendant operated his Lexus on a public street while subject to an impairing substance.
Defendant admitted to Officer Waller that he had driven the vehicle when he should not have. Defendant had been found in the driver's seat of his vehicle holding a half-empty bottle of vodka. Although the vehicle was stationary, Officer Waller testified that the vehicle's engine "was running," the vehicle was in "drive," and Defendant's "foot was on the brake." Defendant's own testimony reflected that his engine had been working and he had in fact been able to keep the engine running. Defendant's witness, Tommy Holder, then a manager at the Town & Country Ford dealership's body shop, testified that the vehicle had no engine damage and the vehicle could move if put in drive. When viewed in the light most favorable to the State, this evidence was sufficient to support a reasonable inference that Defendant had operated his vehicle upon a public street while under the influence of an impairing substance. The trial court properly denied Defendant's motion to dismiss.
As this Court expounded in State v. Mack ,
[t]here are numerous possible other scenarios, and the one which defendant advances is plausible, if not supported by much of the evidence. But,
to hold that the trial court must grant a motion to dismiss unless, in the opinion of the court, the evidence excludes every reasonable hypothesis of innocence would in effect constitute the presiding judge the trier of facts.... Proof of guilt beyond a reasonable doubt is required before the jury can convict.... What the evidence proves or fails to prove is a question of fact for the jury.
[ State v. ]Powell, 299 N.C. [95,] 101, 261 S.E.2d [114,] 118-19 (1980) (quoting State v. Stephens, 244 N.C. 380, 93 S.E.2d 431 (1956) ).
Mack , 81 N.C. App. at 583-84, 345 S.E.2d at 226. Accordingly, there was sufficient evidence to submit the case to the jury on the charge of impaired driving. We therefore find no error.
II. Jury Instructions
Defendant also argues that "the trial court shifted unto the jury its responsibility of determining, as a matter of law, whether the State's circumstantial evidence could persuade a rational juror that Defendant had driven at a relevant time." Upon being asked a question by the jury concerning the definition "actual physical control" and application thereof, the trial court explained to the parties that it intended to instruct again on Function of the Jury and "emphasize to them that it is their duty to find - to recall the facts and apply them to the law as I've given it to them." Counsel for Defendant replied, "Yeah, that's a great idea. I didn't think about it." Defendant now alleges error in the trial court's instruction.
However, Defendant neither objected to the jury instructions given by the trial court, nor specifically and distinctly argued plain error. N.C.R. App. P. 10(a)(2), (4). Thus, Defendant has failed to preserve his issue concerning jury instructions, and has failed to argue plain error. Therefore, we dismiss.
Conclusion
For the reasons stated above, we find the trial court did not err in denying Defendant's motion to dismiss, and we dismiss Defendant's assignment of error relating to the trial court's jury instructions.
NO ERROR IN PART; DISMISSED IN PART.
Report per Rule 30(e).
Judges DILLON and DIETZ concur.